UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JIMMY G. S.,

Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOM ENFORCEMENT, et al.,

Respondents.

Case No. 1:26-cv-07494-JLT-FJS (HC)

(A-Number: 245-971-715)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER

(ECF No. 5)

FOURTEEN (14) DAY DEADLINE

## I. BACKGROUND

On September 16, 2026, a "next friend" filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of Petitioner Jimmy G. S.,[1] a federal immigration detainee. (ECF No. 1.) The petition, mailed by Petitioner's next friend, Donatello Lozarati, from Syracuse, New York, alleges Petitioner was wrongfully detained in violation of his due process rights. *See id.*

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner is currently detained at the California City Immigration Processing Center in California City, California. *See* U.S. Immigrations and Customs Enforcement Online Detainee Locator System, https://acis.eoir.justice.gov/en/caseInformation/, (search conducted utilizing Petitioner's alien number and country of birth).

On September 21, 2026, the court issued an order relative to the filing of Petitioner's petition by Mr. Lozarati. (ECF No. 5) The court noted that although a next friend may appear in court on behalf of a detained prisoner who is mentally incompetent or disabled, they may only do so after first establishing standing, showing that they are acting within the party's best interest, and even then, only if the next friend is represented by counsel. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)); *see also Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) ("Courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). After reviewing the petition, the court found that even if Mr. Lozarati could qualify for next friend status, there was no indication that he was authorized to prosecute this action on Petitioner's behalf. *Id*. Accordingly, Petitioner was ordered to notify the court by October 12, 2026, whether he would appear on his own behalf or if he would secure licensed counsel to proceed. (ECF No. 5 at 3) Petitioner was warned that his failure to respond in a timely manner would result in a recommendation of dismissal of this action.

Petitioner failed to submit a response to the court order and has not otherwise communicated with the court regarding this action.

## II. DISCUSSION

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Malone v. U.S. Postal Serv.*,

833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Petitioner was informed by the court of the need to respond to the September 21, 2026, petition for writ of habeas corpus filed by the "next friend." Despite being warned that his failure to comply would result in a recommendation of a dismissal of this action, Petitioner failed to comply. The court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Yet "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits, but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Henderson*, 779 F.2d at 1424. The court's September 21, 2026, order expressly warned Petitioner that if he failed to comply the undersigned would recommend that this matter be dismissed. (ECF No. 5 at 4.) Thus, Petitioner had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Petitioner is proceeding *in forma pauperis* in this action, making monetary

sanctions of little use. Further, the preclusion of evidence or witnesses is likely to have no effect given that Petitioner has ceased litigating this case.

In summary, Petitioner is no longer prosecuting this action, and the court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Petitioner is no longer prosecuting.

## III. RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed, without prejudice, based on Petitioner's failure to prosecute and failure to obey a court order. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 19, 2026**

UNITED STATES MAGISTRATE JUDGE